[NOT FOR PUBLICATION]                                    [Doc. No. 30]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| ABBE PERRY, | |
| Plaintiff, | |
| v. | Civil No. 09-856 (RMB) |
| FREEDOM MORTGAGE CORPORATION, et al., | **OPINION & ORDER** |
| Defendants. | |

Appearances:
    Kimberly Litman Kimmel
    Chimicles & Tikellis, LLP
    361 West Lancaster Avenue
    Haverford, PA 19041
        Attorney for Plaintiff

    William Healey
    Phillip Ray
    155 Prospect Avenue
    West Orange, NJ 07052
        Attorneys for Defendant

**BUMB**, United States District Judge:

This matter comes before the Court upon Defendant's motion for reconsideration of the Court's Memorandum and Order dated June 1, 2009 [Docket. No. 28] ("Order"). In that Order, the Court denied Defendant's motion to dismiss or strike Count II of the Plaintiff's Complaint. Defendant argues that "the Court has

overlooked the most recent case law in this District" - namely, the decision in Barnello v. AGC Chemicals Americas, Inc., 2009 WL 234142 (D.N.J. Jan. 29, 2009), which adopted the reasoning of Hyman v. WM Financial Services, Inc., 2007 WL 1657392 (D.N.J. June 7, 2007).

A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Bracket v. Ashcroft, 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003). There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See Carmichael v. Everson, 2004 WL 1587894 at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, 2003 WL 22303078 at *2 (D.N.J. Oct. 7, 2003). The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)); P. Schoenfeld Asset Mgmt., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (moving party must show "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered); Pelham v. United States, 661 F. Supp. 1063, 1065

(D.N.J. 1987) (same).  "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'"  <u>Oritani S & L v. Fidelity & Deposit</u>, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

In this case, the Court did not overlook the <u>Barnello</u> decision.  Rather, as Plaintiff correctly argues in its opposition to the motion for reconsideration, the Court considered all of Defendant's arguments, including that based on the <u>Barnello</u> decision, and chose to adopt the reasoning of Judge Linares' decision in <u>Freeman v. Hoffmann-LaRoche, Inc.</u>, 2007 WL 4440875 (D.N.J. Dec. 18, 2007).  Indeed, the Court explicitly noted its reliance on the rationale of the <u>Freeman</u> decision in its Order.  (Order at 2).  Moreover, even if the Court had overlooked the <u>Barnello</u> decision, Plaintiffs are correct that this would still not be proper grounds for reconsideration because the <u>Barnello</u> decision is not "controlling law" and, thus, is not binding on this Court.

Accordingly, for the reasons discussed above,

IT IS ON THIS **27th** day of **July** 2009, ORDERED that Defendant's motion for reconsideration [Docket No. 30] be and hereby is **DENIED**.

                                              s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge